UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES NEGY,

    Plaintiff,

v.                                                                                         Case No. 6:23-CV-00666

BOARD OF TRUSTEES OF THE UNIVERSITY
OF CENTRAL FLORIDA, ET AL.,

    Defendants.

_____

**DISCLOSURE STATEMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND LOCAL RULE 3.03**

    Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03, Plaintiff Charles Negy makes the following disclosure(s).

1. If the filer is a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene, identify any parent corporation and any publicly held corporation owning 10% or more of its stock or state there is no such corporation:

   Plaintiff is not a nongovernmental corporate party or nongovernmental corporation.

2. If this is an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), name and identify the citizenship of every individual or entity whose citizenship is attributed to the filing party or intervenor: [To identify the citizenship of a partnership, LLC, or other unincorporated entity, a party must list the citizenships of all members or partners of that entity.[1]]

---

[1] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220

This is not an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a).

3. Identify each person—including each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member, and other identifiable and related legal entity—that has or might have an interest in the outcome:

Allen Harris PLLC, Law Firm Representing Plaintiff
Tiffany Altizer, UCF Trustee
S. Kent Butler, Defendant
Rick Cardenas, UCF Trustee
Alexander Cartwright, Defendant
Bill Christy, UCF Trustee
Jeff Condello, UCF Trustee
Joseph Conte, UCF Trustee
Youndy Cook, UCF Vice President & General Counsel
Tosha Dupras, Defendant
Florida Department of Financial Services
Danny Gaekwad, UCF Trustee
Goldstein Law Partners, LLC, Law Firm Representing Plaintiff
Samantha K. Harris, Attorney for Plaintiff
Stephen King, UCF Trustee
Michael Johnson, Defendant
Daniella Lopez, UCF Trustee
Alex Martins, UCF Board of Trustees Chair
Caryl McAlpin, UCF Trustee
John Miklos, UCF Trustee
Harold Mills, UCF Board of Trustees Vice Chair
Nancy Myers, Defendant
Charles Negy, Plaintiff
Michael Okaty, UCF Trustee
David R. Osborne, Attorney for Plaintiff
Sara H. Potter, UCF Associate General Counsel
University of Central Florida

---

(11th Cir. 2017); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011).

4. Identify each entity with publicly traded shares or debt potentially affected by the outcome:

   None known.

5. Identify each additional entity likely to actively participate, including in a bankruptcy proceeding the debtor and each member of the creditors' committee:

   None known.

6. Identify each person arguably eligible for restitution:

   Plaintiff Charles Negy

☒   I certify that, except as disclosed, I am unaware of an actual or potential conflict of interest affecting the district judge or the magistrate judge in this action, and I will immediately notify the judge in writing within fourteen days after I know of a conflict.

/s/ David R. Osborne
Samantha K. Harris
David R. Osborne
Plaintiff Charles Negy
4/20/2023