UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHARLES NEGY<br><br>PLAINTIFF,<br><br>vs.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF CENTRAL FLORIDA, in their official capacities; and S. KENT BUTLER, ALEXANDER CARTWRIGHT, TOSHA DUPRAS, MICHAEL JOHNSON, and NANCY MYERS, in their individual capacities,<br><br>DEFENDANTS. | No. 6:23-cv-00666-CEM-DCI<br><br>Date: April 30, 2024 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT NANCY MYERS**

Pursuant to Fed. R. Civ. P. 26 and 33 and this Court's August 7, 2023 Case Management and Scheduling Order (Doc. 33), Plaintiff hereby serves these written requests upon Defendant NANCY MYERS to answer the following document requests in accordance with the following definitions and instructions, within thirty (30) days of service.

**I.   INSTRUCTIONS**

1.   Pursuant to Fed. R. Civ. P. 26(e), these requests are continuing in nature, so as to require a supplemental response to correct any incomplete or incorrect answer based on information you may become aware of between the time of your initial response and the time of trial.

2.   In responding to these requests, respond based on information in your possession, custody, or control, and such information that is in the possession, custody or control of any other persons acting on your behalf.

1

3. For the convenience of the Court and the parties, Plaintiff requests that each Request be quoted in full immediately preceding the answer.

4. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated entities, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients, or other representatives of affiliated third parties.

5. Unless otherwise specified by the Request, the time limit for each Request is September 1, 2014 - present.

6. Whenever you object to a particular Request, or portions thereof, you must provide all responsive information which is not subject to your objection.

7. Whenever information is not provided in full, state with particularity the reason or reasons such information is not being provided and describe with as much particularity as possible, such information and the basis for not providing such information, with sufficient specificity to permit a determination of the propriety of such objection.

8. Estimated data should be given when exact data cannot be supplied. Any such estimated data should be designated as such and the basis, source or sources, and/or derivation of each estimate should be separately set forth.

9. Should you object to answering a portion or all of any Request, state the basis of your objection to each Request and answer so much of Request that you do not object to. In addition, please produce a privilege log that specifies:

  i. type of information, communication, or tangible thing not disclosed in your answer;
  ii. the privilege asserted;
  iii. the general subject matter of the information withheld;

    iv. the date the information was created; and

    v. its author(s);

    vi. its recipient(s); and

    vii. where not apparent, the relationship of the author, addressees, and recipients to each other, including but not limited to their titles and positions of employment with Defendant.

  10. It is well established that FERPA, 20 U.S.C. § 1232g; 34 CFR Part 99, creates no privilege. *See, e.g., Giannerini v. Embry-Riddle Aeronautical Univ., Inc.*, No. 6:22-cv-2075-RBD-LHP, 2023 U.S. Dist. LEXIS 207154, at *3 n.3 (M.D. Fl. Nov. 20, 2023) ("FERPA does not create a privilege which protects against the disclosure of student information") (internal citations omitted). To the extent individuals whose information is subject to FERPA may have been involved in DISCIPLINARY ACTION against Professor Negy, they are material witnesses in this case. Therefore, if you claim the right to redact or withhold documents concerning or the identity of student information, please identify the grounds for any redaction or withholding so that Professor Negy can appeal to the Court for an order authorizing disclosure of those materials or the identity of witnesses, if any, that you claim are protected.

 **II.** **DEFINITIONS**

  1. NEGY means Plaintiff in the above-captioned action, Charles Negy.

  2. BOARD means Defendant Board of Trustees of the University of Central Florida, its agents, successors, assigns, employees, and any successors.

  3. UCF means the University of Central Florida, its agents, sub-contractors, contractors, successors, assigns, employees and any successors, including but not limited to its Regents, Trustees, or Managing Members in their individual and official capacities.

  4. OIE means the Office of Institutional Equity of UCF.

5. YOU, YOUR, YOURS, or any of their variants refers to Defendant NANCY MYERS.

6. AND shall mean "or" and vice versa, and where any ambiguity arises, you should interpret "and" or "or" so as to make more rather than fewer documents or things responsive to Plaintiff's requests.

7. ALL means "any and all" and the word ANY means "any and all." Any ambiguity in the terms "any" or "all" should be resolved in favor of bringing more rather than less information within the scope of discovery.

8. The term INCLUDING means "including, but not limited to."

9. The term COMPLAINT refers to the effective complaint filed in this case by NEGY.

10. The terms CONCERNING, RELATING, and/or REGARDING mean containing, alluding to, responding to, commenting upon, discussing, explaining, mentioning, analyzing, constituting, memorializing, comprising, repeating, incorporating, confirming, listing, evidencing, setting forth, summarizing, or characterizing, either directly or indirectly, in whole or in part.

11. The term COMMUNICATION means and refers to every method and manner of transmitting or receiving data, opinions, thoughts, inquires, representations and other information, whether orally, in writing, electronically, or otherwise, between two or more persons or entities. Communications include drafts and other written information intended for communicating to another person, even if not ultimately transmitted to or received by another person.

12. The term DOCUMENT shall have the broadest meaning possible under Rule 34 of the Federal Rules of Civil Procedure and includes all originals and drafts, in any and all languages, of any nature whatsoever, in your possession, custody or control, regardless of where located, and include, but are not limited to, letters, correspondence, logs, drafts, contracts, prospective contracts, agreements, reports, records, studies, surveys, resolutions, tabulations, notes, summaries, memoranda, Electronically Stored Information ("ESI"), electronic mail ("email" whether in draft, inbox, outbox or sent folders), calendar or diary entries, handwritten notes, working papers, work sheets, spread sheets, diagrams, minutes of meetings, agendas, bulletins, periodicals, circulars, advertisements, notices, announcements, invoices, statements, checks (front and back), bank statements, ledgers, orders, vouchers, instructions, drawings, charts, graphs, manuals, brochures, pamphlets, schedules, telegrams, teletypes, photographs, audio tapes, voice-mail messages, videotapes, electronic recordings, facsimile transmissions, and information of whatever kind either stored on computers, including computer disks, hard drives and other media, or contained in any computer or information retrieval devices.

13. If not expressly stated, CONTROL means in your possession, custody, or control and under your direction, and includes in the possession, custody or control of those under the direction of your employee(s), subordinate(s), counsel, accountant(s), consultant(s), expert(s), parent(s) or affiliated corporation(s), and any person(s) purporting to act on your behalf.

14. DISCIPLINARY ACTION means any administrative action, proceeding, or process, whether or not pursued according to UCF's effective policies, handbooks, codes of conduct, Title IX policies, discriminatory-harassment policies, regulations or statutes of the State of Florida, or other authority for investigating, deciding, or evaluating any complaint by an

employee or student of UCF against any other member of the UCF community, whether faculty, staff, student, or third party.

15. FERPA means the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and all implementing regulations and guidance.

### III. REQUESTS FOR PRODUCTION

1. All documents referred to or relied upon in answering your responses to any Interrogatory, or which otherwise relate to your answers to any Interrogatories.

2. All employment policies, guidelines, procedures, continuing education, or actual employment or work practices and rules of conduct relating to personnel, discipline, hiring, promotion, performance reviews or evaluations, harassment or antiharassment, termination, compensation, discrimination, antidiscrimination, retaliation, diversity, equity, or inclusion that applied to YOU during YOUR employment at the University, including but not limited to training manuals, presentations, training materials, brochures, handbooks, and/or memoranda detailing policies and procedures.

3. All documents relating to past instances in which OIE has investigated a UCF faculty member for alleged discrimination or harassment based on their classroom or public speech.

4. Any document or communication establishing or discussing precedent or past practice within OIE for handling cases where protected speech was alleged to intersect with discrimination or harassment claims.

5. Any documents and communications setting forth or discussing the policies or procedures used by OIE to determine whether a complaint against a faculty member warrants a formal investigation, including the process by which OIE determines the credibility of complaints against faculty members.

6. All documents related to any OIE complaints, formal or informal, in which NEGY was the respondent, potential respondent, complainant, or witness, including but not limited to all documents generated in the investigation, any decision, evidence gathered or submitted, and any appeal.

7. All documents pertaining to the interview or investigation of witnesses in any OIE complaint in which NEGY was either the respondent, potential respondent, complainant, or witness, including but not limited to any affidavits, declarations, interviews, transcripts, summaries and notes, declarations, or statements (whether written or unwritten, recorded or unrecorded), and including audio or video recordings.

8. All documents or communications authored, sent, or received by YOU between May 25, 2020 and June 5, 2020 concerning UCF's response to the death of George Floyd and the resulting protests.

9. All documents in YOUR possession, including but not limited to emails, letters, reports, recordings, notes, and memoranda, that reference NEGY, his conduct, his Twitter posts, or the subsequent investigation, termination, grievance, arbitration, and/or reinstatement.

10. All communications between YOU and external parties, including but not limited to state or federal entities, government officials, donors, legislators, and/or members of the media, that reference NEGY, his Twitter posts, or the subsequent investigation, termination, grievance, arbitration, and/or reinstatement, as well as any documentation related to those communications.

11. All documents (including but not limited to emails, notes made in preparation for the meeting, attendance records, letters, reports, recordings, presentations, minutes from the meeting, and memoranda) relating to any UCF Board of Trustees meetings YOU attended or

participated in where NEGY and/or his statements, conduct, investigation, termination, grievance, arbitration, and/or reinstatement were discussed.

12. All documents and communications that reference or discuss the potential or actual impact of NEGY's tweets on UCF's public image, student enrollment or retention, donations, funding, legislative support, legal position, or liability.

13. All documents and communications that reference or discuss the risk of public or media backlash as a factor in the decision to initiate disciplinary proceedings against NEGY.

14. All documents and communications that reference or discuss the potential for using allegations of discrimination or harassment as a basis for disciplinary action against NEGY, including but not limited to non-privileged documents and communications that discuss or analyze the potential legal implications of doing so.

15. All documents and communications relating to every person, including any UCF student, alumni, non-party, or faculty member, who contacted you or whom you contacted concerning NEGY. This should include all notes, transcripts, written or digital records (whether formally composed or informally noted), recordings, and summaries prepared in anticipation of, during, or following any interview, meeting, or anything else related to the investigation.

16. All policies, procedures, guidelines, training, or communications that you relied upon or were bound by in conducting the investigation into NEGY.

17. All documents or communications authored, sent, or received by you, any Defendant, faculty, or any other non-party discussing or relating to the "internal discussions" referenced in Defendant Dupras's January 5, 2021, email placing NEGY on administrative leave, including any documents or communications concerning the substance of the internal discussions

as well as any communications related to scheduling the internal discussions or identifying their participants.

18. All documents or communications authored, sent, or received by you, any Defendant, faculty, or any other non-party discussing or relating to the application of UCF's faculty Collective Bargaining Agreement 16.7, Termination, to NEGY's case.

19. All documents or communications authored, sent, or received by you, any Defendant, any faculty, or any other non-party discussing or relating to Defendant Dupras's January 13, 2021 email notifying NEGY of UCF's intent to terminate his employment on at the close of business of January 25, 2021, including but not limited to preparatory steps such as drafts, discussions, revisions, or approvals, as well as emails or other communications received in response to the email.

20. All documents and communications authored, sent, or received by you pertaining to, prepared in anticipation of, or generated during the grievance process initiated by NEGY regarding his termination.

21. All documents you intend to or believe you may introduce, use as exhibits, and/or use for impeachment or rebuttal purposes during depositions or at trial in this matter, or in support of or in opposition to any dispositive motion filed in this case concerning Plaintiff's claims against any Defendant or Defendant's defenses, whether or not you will seek to admit the exhibits into evidence.

22. Your federal and state income tax returns for the years 2018, 2019, 2020, 2021, and 2022 (after completion and filing with the IRS), including all schedules and attachments.

Respectfully Submitted,

/s/ David R. Osborne
David R. Osborne
GOLDSTEIN LAW PARTNERS LLC
4651 Salisbury Rd., Suite 400
Jacksonville, FL 32256
610-949-0444
dosborne@goldsteinlp.com

/s/ Samantha K. Harris
Samantha K. Harris
ALLEN HARRIS PLLC
PA Bar No. 90268
*Admitted Pro Hac Vice*
PO Box 673
Narberth, PA 19072
(610) 634-8258
sharris@allenharrislaw.com

*For PLAINTIFF*